UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. HERNANDEZ,<br><br>        Petitioner,<br><br>  v.<br><br>JEANNE WOODFORD,<br><br>        Respondent.<br>_____/ | 1: 05 CV 00993 AWI WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 9) |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's unopposed motion to dismiss.

**LEGAL STANDARD**

<u>JURISDICTION</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by

the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

**DISCUSSION**

Respondent moves to dismiss this petition for writ of habeas corpus on the ground that Petitioner has failed to exhaust his state judicial remedies.  Respondent contends that although Petitioner alleges that he has exhausted his state court remedies by raising the claims from the present petition before the Fresno County Superior Court, the California Court of Appeal, and the California Supreme Court, he provides no statement of specific fact to support the allegation.  For example, Respondent points out that in the place on the form petition for the date of the superior court result Petitioner wrote: "SEE ATTACHED, EXHIBIT;."  Yet none of the exhibits contain information about the superior court result.   Petitioner also failed to include the date of the relevant result from the appellate court.

Respondent states that a Senior Legal Analyst conducted searches on the California Appellate Court case information website using Petitioner's name and found three California Supreme Court cases and six California Appellate Court cases filed by Petitioner.  He states that it is not possible to discern from the information provided in the petition which of these cases, if any, addressed the claims now raised in the present petition.  Respondent provides a declaration explaining that it is not feasible for the Attorney General's Office to order all nine petitions and orders from the state courts in order to determine whether they relate to the present petition, because the state courts are overburdened with requests from the Attorney General when only one petition and order is requested.   Respondent stresses that ordering all nine documents would be contrary to the efforts of the Attorney General's Office to minimize the burden placed on state courts in response to complaints raised by the courts.

Respondent states that in an effort to determine whether Petitioner has exhausted his state judicial remedies and whether answering the Petition would be appropriate, Respondent wrote to Petitioner asking for additional information.   In addition to the letter explaining the need for the additional information, and Petitioner's responsibility to demonstrate exhaustion, Respondent sent the docket sheets for each case filed under Petitioner's name in the California Supreme Court and California Court of Appeal, two copies of an information sheet for Petitioner to fill out regarding his state habeas cases, and a stamped envelope returnable to Respondent's attorney.

Respondent states that the first letter was sent to Petitioner on February 7, 2007, approximately two weeks after the court entered the order requiring Respondent to file a responsive pleading. Petitioner states that Respondent refused delivery of the first letter from Respondent and that it was returned to Respondent's attorney on February 22, 2007. Respondent states that he sent the materials to Petitioner again on February 27, 2007, but as of the date of filing the motion to dismiss, Petitioner had not responded.

Respondent contends in conclusion that Petitioner has failed to properly allege that he exhausted state court remedies by providing specific facts demonstrating that he exhausted his state judicial remedies. Stressing that he was not obligated to do so, Respondent argues that repeatedly sought additional information from Petitioner in order to determine whether he had exhausted his state judicial remedies. Petitioner again failed to provide Respondent with the necessary information. Respondent concludes that because Petitioner has repeatedly failed to demonstrate that he exhausted his state court remedies the petition must be dismissed. This court must agree. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) ( where Petitioner alleged that he has exhausted his state court remedies, but there was nothing in the record to show that he sought review in state's highest court, district court should have dismissed the petition for failure to exhaust); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) (conclusory allegations unsupported by a statement of specific facts do not warrant habeas relief).

Based on the above, the court HEREBY RECOMMENDS as follows:

1) that Respondent's motion to dismiss be GRANTED;
2) that this petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state judicial remedies; and
3) that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District

1  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the
2  Local Rules of Practice for the United States District Court, Eastern District of California.  Within
3  thirty (30) days after being served with a copy, any party may file written objections with the court
4  and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
5  Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within
6  ten (10) court days (plus three days if served by mail) after service of the objections.  The court will
7  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
8  advised that failure to file objections within the specified time may waive the right to appeal the
9  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10 IT IS SO ORDERED.

11 **Dated:   January 9, 2008**          /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE